**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-30224 |
| | ) | |
| LETICIA VEGA, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| LETICIA VEGA, | ) | Adversary Case No. 13-01414 |
| | ) | |
| Plaintiff, | ) | Hon. Jack B. Schmetterer |
| vs. | ) | |
| | ) | |
| BANCO POPULAR NORTH AMERICA, | ) | |
| TERENCE TIU and MORTON COHON, | ) | |
| | ) | |
| Defendant. | ) | |

### ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Debtor Leticia Vega ("Debtor") filed the instant adversary proceeding (the "Complaint") on December 17, 2013. This is the fourth filing of the same complaint. The three (3) prior complaints were dismissed.

2. On December 16, 2013, this Court dismissed the same iteration of this Complaint with prejudice pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(1) and (b)(6).

3. The Complaint was filed on December 17, 2013. The Complaint makes the same factual allegations and seeks the same relief as the three (3) prior dismissed complaints.

4. The Complaint has been filed under and in connection to Bankruptcy Case No. 11-30224, which case was dismissed on January 6, 2012.

5. The Debtor has filed nine (9) Chapter 13 cases and five (5) Chapter 7 cases before this Court. The first case was filed on April 11, 2011 (Case No. 11-15307) and the most recent case was filed on January 8, 2014 (Case No. 14-00444). All of the foregoing cases have been dismissed without discharge.

6. Currently the Debtor has no pending bankruptcy cases as all prior filed cases have been dismissed.

7. The Complaint was filed against Banco Popular North America ("BPNA"), Terence Tiu ("Tiu") and Morton Cohon.

8. BPNA is a national banking institution. BPNA states that it holds a mortgage on real property located at 4221 S. Western Avenue, Chicago, IL 60609 (the "Property"), which Property is owned by the Debtor and her son, Ismael Vega, a non-debtor. The mortgage secures a note executed by Ismael Vega.

9. BPNA filed a foreclosure action against the Property on October 14, 2010 (Case No. 2010 CH 44891). BPNA was granted a Default Judgment and Judgment of Foreclosure and Sale against the Debtor and Ismael Vega on May 18, 2012. Due to the multiple bankruptcy filings by the Debtor, BPNA has been unable to complete the foreclosure of the Property.

10. Tiu is an individual and attorney of record for BPNA in many of the bankruptcy cases filed by the Debtor.

11. Morton Cohon is attorney of record for the Debtor in Bankruptcy Case No. 11-30224.

12. Defendants BPNA and Tiu have filed a Motion to Dismiss the Complaint with prejudice and they seek injunctive relief barring the Debtor from re-filing the Complaint or any other case before this Court for a period of six (6) months.

13. This Complaint has been filed three (3) prior times and dismissed on each occasion. No facts have changed since the filing and dismissal of the prior adversary case. As in the prior three (3) adversary proceedings, the Debtor has failed to appear and prosecute the case.

14. Cause exists to dismiss the Complaint with prejudice.

15. The Debtor has not demonstrated any meaningful change in circumstance from her previous case to the filing of this Complaint.

16. Defendants have shown that the Complaint fails to state a claim upon which relief may be granted.

17. As the underlying bankruptcy case was previously dismissed, this Court lacks subject matter jurisdiction over the Complaint.

18. If Debtor is not enjoined from future filings – both bankruptcy and adversary proceedings – she is likely to file a new Chapter 13, Chapter 7 or adversary proceeding, thereby again delaying the foreclosure proceeding by BPNA. Therefore, BPNA does not have an adequate remedy at law.

19. BPNA would suffer irreparable harm from a re-filing unless Debtor can show changed circumstances to justify a re-filing.

20. The harm to BPNA if an injunction against future filings for six months is not issued would be severe while the harm the Debtor may experience by the granting of such an injunction which will bar her from blocking a foreclosure sale by a new bankruptcy stay will no doubt also be severe.

2332865.1.12501.42960

21. For the foregoing reasons, cause exists for the issuance of a conditional injunction barring Debtor from filing any future Chapter 7, Chapter 13 or adversary proceeding for a period of six (6) months from the date of dismissal of this case, and that said injunction should issue without bond.

22. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

23. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (b)(2)(G), and (b)(2)(L).

24. This Court has authority to dismiss this case and to issue a conditional injunction to prohibit Debtor from filing a new Chapter 13 or Chapter 7 case, an adversary proceeding, for a period of 180 days from the date of dismissal. 11 U.S.C. §§ 105(a) and 109(g)(1).

25. The multiple filings of bankruptcy cases and the adversary proceeding constitute bad faith. Accordingly, the Complaint should be dismissed with prejudice and the Debtor should be barred from filing a new Chapter 13, Chapter 7 and adversary proceeding for a period of six months..

26. No bond should be required with respect to the injunction prohibiting a refiling, and the same is excused for good cause shown.

27. These Findings of Fact and Conclusions of Law support and therefore are attached to the order of injunction against a further filing, and made a part thereof.

28. All Findings of Fact which contain conclusions of law will stand as additional Conclusions of Law. Statements of the Court from the bench at the conclusion of trial will stand as additional Findings of Fact and Conclusions of Law.

29. Based upon the foregoing Findings of Fact and Conclusions of Law, orders shall be entered consistent herewith, dismissing this case with prejudice and with an order of injunction against refiling by Debtor of a Chapter 7 or Chapter 13 case within 180 days from dismissal, and dismissing the Adversary Complaint of Debtor.

BANCO POPULAR NORTH AMERICA and
TERENCE TIU

By: /s/ Miriam R. Stein
One of their Attorneys

Miriam R. Stein (ARDC #6238163)
Chuhak & Tecson PC
30 S. Wacker Drive, 26th Floor
Chicago, IL 60606
(312) 855-6109
www.chuhak.com

Enter:

U.S. Bankruptcy Judge

March 20, 2014

MAR 20 2014

2332865.1.12501.42960